IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KEITH WAGNER** | : | Case No. |
| **3804 Fulton Grove Road** | : | |
| **Cincinnati, Ohio  45245** | : | (Judge_____) |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **COMPLAINT WITH JURY DEMAND** |
| | : | |
| **FREEMAN ENCLOSURE SYSTEMS, LLC** | : | |
| **4160 Half Acre Road** | : | |
| **Batavia, Ohio  45103** | : | |
| | : | |
| <u>**Serve:**</u> | : | |
| | : | |
| **Dale Freeman, President** | : | |
| **Freeman Enclosure Systems, LLC** | : | |
| **4160 Half Acre Road** | : | |
| **Batavia, Ohio  45103** | : | |
| | | |
| Defendant | | |

For his complaint against Defendant Freeman Enclosure Systems, LLC, Plaintiff Keith Wagner states as follows:

1. Plaintiff Keith Wagner is an individual residing in Cincinnati, Ohio and at all relevant times was an employee of Defendant Freeman Enclosure Systems, LLC.  He was born on December 9, 1954 and was over 40 years of age at all times relevant to this complaint.

2. Defendant Freeman Enclosure Systems, LLC ("Freeman") upon information and belief is a limited liability company organized and existing under the laws of the State of Ohio, with its main office in Batavia, Ohio.

3. This Court has jurisdiction over Count I of the Complaint pursuant to 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act.

4. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1392(b) because the conduct giving rise to plaintiff's claims occurred within this district, and the defendant resides within this district.

5. Plaintiff timely filed a charge of age and race discrimination with the Equal Employment Opportunity Commission in January, 2020 and received his Notice of Right to Sue less than 90 days before the date this action was filed.

## FACTUAL ALLEGATIONS

6. Mr. Wagner began working for predecessors of Freemen 16 years ago. He worked for the current iteration of Freeman beginning in October, 2011

7. During that time, Mr. Wagner was an excellent employee, working in the Project Development Department of Freeman as a Project Manager.

8. Mr. Wagner was abruptly terminated on May 24, 2019, when he was 64 years old. At that time, Mr. Wagner was the oldest person in the Project Development Department of Freeman.

9. At the time of Mr. Wagner's termination, his supervisor told him, "You've done a good job. We just don't need you anymore."

10. In the weeks before Mr. Wagner's termination, one of his managers, Scott Gill, asked Mr. Wagner if he had any plans to change his employment and suggested he could "probably get a job somewhere else."

11. Another manager, Rich Elcessor, asked Mr. Wagner when he was planning to retire.

12. Freeman claimed that it combined Wagner's position with another position.

13. The employee who held the other position that was purportedly combined with Mr. Wagner's position was substantially younger than Mr. Wagner. Freeman retained the younger employee and terminated Mr. Wagner, the oldest in the department.

14. Mr. Wagner was more qualified for the position than was the younger, retained employee.

15. After Mr. Wagner's termination, Freemen posted a job opening for the position of Project Manager, which had been Mr. Wagner's position.

16. Mr. Wagner was terminated on account of his age, in violation of federal law, and has suffered damages as a result.

17. The Equal Employment Opportunity Commission issued its Notice of Right to Sue letter on September 10, 2020.

## COUNT I
(Age Discrimination)

18. Plaintiff reiterates the allegations contained in paragraphs 1 through 17 of the Complaint as if fully rewritten herein.

19. Mr. Wagner was 64 years old at the time of his discharge. He was replaced by a person who was substantially younger than him.

20. Mr. Wagner was well qualified for the position from which he was discharged, and was more qualified than the person who replaced him.

21. Defendant's discharge of Mr. Wagner was motivated by his age.

22. Defendant acted with malice and. exhibited a conscious disregard for Mr. Wagner's federally protected rights that had a great probability of causing substantial harm.

23. Mr. Wagner has been injured by Defendant's conduct and is entitled to relief.

24.

**WHEREFORE**, Plaintiff Keith Wagner demands judgment against Defendant Freemen Enclosure Systems, LLC as follows:

(a) An award of back pay in the amount that Keith Wagner would have earned from the date of his wrongful termination until the date of judgment, as well as losses from his retirement fund, other benefits, and all related losses, with interest;

(b) An order that Keith Wagner be reinstated to his position at Freeman Enclosure Systems, LLC; or in the alternative, an award of front pay if it is determined that reinstatement is not practical or advisable;

(c) An award of compensatory damages in an amount to be proven at trial for all emotional pain, suffering, inconvenience, and loss of enjoyment of life that Keith Wagner has suffered as a result of Defendant's actions;

(d) An award of liquidated damages:

(e) An award of punitive damages;

(f) An award of attorneys' fees, including litigation expenses and the costs of this action; and

(g) All other relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff, by and through counsel, demands a trial by jury of all issues within this action.

Respectfully submitted,

/s/Robert A. Klingler
Robert A. Klingler (0031603)
Robert A. Klingler Co., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, Ohio 45202-3133
Telephone: (513) 665-9500
Facsimile: (513) 621-3240
Email: rak@klinglerlaw.com
Trial Attorney for Plaintiff